Dear Mr. Chustz:
You advise this office that you are currently employed by the West Feliciana Parish Hospital Service District as hospital director. You ask if you may legally continue in this position if you are elected to the office of police juror for West Feliciana Parish.
The West Feliciana Parish Hospital Service District was created by the West Feliciana Police Jury, pursuant to La.R.S. 46:1051.[1] The hospital service district itself is not an agency of the parish, but instead is considered a separate political subdivision, as La.R.S.46:1064(A) provides that "hospital service districts . . . are hereby declared to be political subdivisions of the state."
You state you were hired by the Board of Commissioners governing the West Feliciana Parish Hospital Service District, pursuant to La.R.S.46:1056, providing:
 1056. Hospital director
 A. The commission, with the approval of the medical staff, shall enter into a formal written employment agreement with a hospital director, hereafter referred to as "director", who has had experience *Page 2 
in the field of hospital administration and is familiar with the principles and methods of hospital and institutional care. He shall be a full-time employee of the district or of the hospital management firm and shall receive a salary fixed by the commission.
 B. If the director and commission enter into a formal written employment agreement, notwithstanding any law to the contrary, such agreement shall bind both parties to its terms. Such written agreement shall provide for a fixed term of employment, specify the director's duties, and be renewable for an additional term or terms at the pleasure of the commission. In the absence of a formal written employment agreement, the director shall serve at the pleasure of the commission.
 C. If a director is found incompetent, inefficient, or unworthy during the term of a written employment agreement, he shall be removable for such cause by a majority vote of the commission at any regular meeting for which the removal appears on the agenda or any special meeting after due notice. The written employment agreement shall also specify that the commission shall give the director official warning and a reasonable opportunity to correct the indicated deficiencies prior to the commission's termination of the agreement.
The Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61,et seq., governs the holding of certain combinations of public offices and employments. For purposes of dual-officeholding, your position as hospital director is considered "appointive office" as defined by La.R.S. 42:62(2) because it is an "executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state . . . which is filled by appointment or election . . . by a governmental body composed of such officials of this state or of a political subdivision thereof".
Because you work as hospital director on a full-time basis, you hold "full-time appointive office" under the dual officeholding statutes. The other position of police juror constitutes "elective office" as defined by La.R.S. 42:62(1).[2] *Page 3 
La.R.S. 42:63(D) prohibits a "person holding elective office in a political subdivision of the state" from at the same time holding "full-time appointive office . . . in the government of a political subdivision thereof." For this reason, we advise that La.R.S. 42:63(D) would prohibit you from holding both positions, should you be elected police juror.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 46:1051(A) provides in part:
A. The police juries of parishes are authorized and empowered, upon their own initiative, to form and create one or more hospital service districts within the respective parishes . . .
[2] La.R.S. 42:62(1) states:
"Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.